UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOPEZ, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:25-cv-2014-JDP (P)<br><br>ORDER |

　　　　Plaintiff brings this action against three CDCR officers and the Warden of Mule Creek State Prison. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

　　　　A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that two CDCR officers, defendants Lopez and McIntyre, and the Warden, violated his constitutional rights while he was housed at Mule Creek State Prison.[1] ECF No. 1. Specifically, plaintiff alleges that Lopez verbally threatened plaintiff and demonstrated threatening postures towards him. *Id.* at 3. Plaintiff lodges similar allegations against McIntyre but claims that McIntyre harassed plaintiff because of a lawsuit plaintiff filed against McIntyre. *Id.* at 4. Finally, plaintiff alleges that the Warden violated national security by not filing suspicious activity reports against Lopez and McIntyre. *Id.* In support of his allegations, plaintiff has attached a host of documents, including a Privacy Act Data Cover Sheet from the Department

---

[1] Plaintiff identifies CDCR Officer Lt. McTaggart as a defendant, but the complaint does not contain any allegations against McTaggart.

of Defense, a Human Source Validation Report from the Department of Justice, letters from the CIA and DHS concerning plaintiff's FOIA requests, and multiple photos of different crests. *Id.* at 5-21.

Plaintiff's complaint fails to state a claim. Plaintiff has not sufficiently alleged a claim against the Warden. Plaintiff alleges that the Warden failed to file a suspicious activity report against Lopez and McIntyre, but the Warden's inaction in filing a report does not constitute a constitutional violation. Moreover, the complaint is devoid of allegations that would give rise to supervisory liability. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). With respect to Lopez and McIntyre, plaintiff alleges that they made threats against him, but threats generally are not sufficient to state an Eighth Amendment claim. *See Keenan v. Hall*, 83 F3d 1083, 1092 (9th Cir. 1996) (finding that assaultive comments by prison guard were insufficient to implicate the Eighth Amendment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (finding that mere threats did not constitute constitutional wrong).

Finally, plaintiff suggests in passing that McIntyre's actions were motivated by plaintiff's lawsuit against McIntyre, but the allegations are too conclusory. To state a First Amendment retaliation claim, a plaintiff must allege (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The

amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:  September 23, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE